UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____

_____
                                  :
BRADFORD CANNON,                  :
                                  :
            Petitioner,           :         Civil No. 08-4514 (RMB)
                                  :
       v.                         :
                                  :
WARDEN PAUL SCHULTZ,              :              **O R D E R**
                                  :
            Respondent.           :
_____ :


   For the reasons expressed in the Opinion filed herewith,

   IT IS on this **16th** day of **June 2010**,

   **ORDERED** that Petitioner's application for a writ of habeas corpus is denied as to Petitioner's challenges based on the sanctions imposed upon Petitioner for violations other than Petitioner's alleged possession of controlled substance; and it is further

   **ORDERED** that Petitioner's application for a writ of habeas corpus is granted as to Petitioner's challenges based on the sanctions imposed upon Petitioner for his alleged possession of controlled substance; and it is further

   **ORDERED** that, within 90 days from the date of entry of this Order, the Bureau of Prison authorities at Petitioner's current place of confinement shall conduct a curative administrative

hearing as to Petitioner's alleged possession of controlled substance.  Such curative administrative hearing shall be conducted in accordance with the requirements of due process, as detailed in the Opinion filed herewith; and it is further

**ORDERED** that the Bureau of Prison authorities shall provide inmate Robert Coleman (Register No. 07500-067, confined at the F.C.I. Fort Dix) with a *meaningful* opportunity to submit his testimony for consideration of the hearing officer conducting the curative hearing; and it is further

**ORDERED** that, within 120 days from the date of entry of this Order, Respondent shall file with the Clerk a summary advising this Court as to the procedural aspects and substantive outcome of Petitioner's curative hearing; and it is further

**ORDERED** that, in the event the task of holding Petitioner's curative hearing while providing inmate Robert Coleman with a meaningful opportunity to submit his testimony for consideration of the hearing officer conducting such curative hearing proves to be either insurmountable to the Bureau of Prison authorities or achievable only at great expense, the Bureau of Prison authorities shall notify this Court of their hardships at their earliest convenience and in no event later than within 60 days from the date of entry of this Order, hence availing this Court to tailor an alternative habeas remedy and to swiftly administer justice; and it is further

**ORDERED** that the Clerk shall serve copies of this Order and Opinion filed herewith upon Petitioner by means of certified mail, return receipt requested; and it is further

**ORDERED** that the Clerk shall serve copies of this Order and Opinion filed herewith upon Respondent by means of electronic delivery and, in addition, by means of certified mail, return receipt requested; and it is further

**ORDERED** that the Clerk shall administratively terminate this matter subject to reopening in the event: (a) the Bureau of Prison authorities notify the Clerk of their inability to conduct Petitioner's curative administrative hearing or of the fact that such curative administrative hearing can be conducted only at great expense and presents an undue hardship upon the Bureau of Prison; and (b) the Court needs to tailor an alternative habeas remedy; and it is finally

**ORDERED** that, the above-directed administrative termination notwithstanding, the Court retains its jurisdiction over the instant matter for the period of 180 days.

                                    s/Renée Marie Bumb
                                    **RENÉE MARIE BUMB**
                                    **United States District Judge**