**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| BRADFORD CANNON, | : | |
| Petitioner, | : | Civil No. 08-4514 (RMB) |
| v. | : | |
| WARDEN PAUL SCHULTZ, | : | **MEMORANDUM OPINION & ORDER** |
| Respondent. | : | |

This matter comes before the Court upon Petitioner and Respondent's submissions docketed in this matter as Docket Entries Nos. 19 and 20, and it appearing that:

1. On June 16, 2010, this Court issued an order ("June Order") granting Petitioner writ of habeas corpus as to certain claims advanced by Petitioner.[1]  See Docket Entry No. 17. Specifically, the Court: (a) determined that the procedural safeguards guaranteed to Petitioner by the Due Process Clause were violated during the administrative hearing underlying Petitioner's original § 2241 application; and (b)

---

[1] The Court's rationale, as well as extensive procedural history and intricate factual underpinnings of the substantive issues raised in this matter were detailed by the Court in its opinion filed together with the June Order.  See Docket Entry No. 16.  Another recital of the same appears unnecessary; rather, the Court's prior discussion of these procedural, substantive and factual matters shall be deemed incorporated in the instant decision.

    directed Respondent to conduct a curative administrative hearing comporting to the requirements of due process. <u>See id.</u> The Court expressly stressed that, during such curative hearing, a certain inmate Coleman (confined at the F.C.I. Fort Dix) should be allowed to testify, in a meaningful fashion, that is, due to Petitioner's initial request to call Coleman as his witness for the purposes of his original (adjudicated as defunct) administrative hearing. <u>See</u> Docket Entries Nos. 16 and 17.

2. In response to the Court's June Order, Respondent conducted a curative administrative hearing; the curative proceedings painstakingly followed all procedural due process requirements and, <u>inter alia</u>, allowed Coleman to submit his testimony via a video conference.[2]

3. Upon the conclusion of Petitioner's curative proceeding, the hearing officer presiding over this latest administrative action concluded that Petitioner's sanctions (which gave rise to this matter) were properly imposed.[3] Therefore, the

---

[2] In fact, Coleman testified by video conference twice, the first time submitting his testimony to Petitioner's hearing officer presiding over the curative proceeding and, the second time, re-submitting his testimony in the presence of Petitioner who, through his staff representative, posed questions to Coleman in order to offer Coleman's responses to the attention of the hearing officer conducting the curative administrative action.

[3] Specifically, the hearing officer considered the documentary evidence (including officers' reports and photographs taken of physical evidence), testimonial statements made by the

    sanctions imposed upon Petitioner were not revoked.

4. Respondent filed with the Court the extensive documentary record of the curative proceeding. The record included, <u>inter alia</u>, Petitioner's submission addressed to this Court.[4]

5. While Petitioner's submission is filled with a multitude of details of questionable relevance to the case at bar, the essence of it can be reduced to two propositions:

    a. Petitioner believes that Coleman's statements largely corroborated Petitioner's position (pursuant to which Petitioner's sanctions were imposed wrongfully); and

    b. The alleged correspondence between Coleman's statements and Petitioner's statements, read jointly with Petitioner's opinion that numerous evidentiary aspects proffered by prison officials were contradictory or poorly developed, should warrant this Court's issuance of another habeas writ on the grounds that the hearing officer presiding over the curative proceeding erred in

---

prison officials involved in investigation of the incident underlying Petitioner's claims, Petitioner's own testimony and both testimonies submitted by Coleman.

[4] Petitioner titled his submission "Request for Judicial Notice," <u>see</u> Docket Entry Nos. 20-3 and 22, although it appears that this submission was akin to a petition for mandamus, since the content of the "Request" seemingly aimed to assert that Respondent failed to comply with its obligations imposed by the Court's June Order.

        reaching the decision that the original sanctions were correctly imposed.  <u>See</u> <u>id.</u>

6. In essence, Petitioner invites the Court to second-guess the decision reached by the hearing officer presiding over the curative hearing.  <u>See</u> <u>id.</u>  That this Court will not do.

7. Having this matter pending before it for almost two years, the Court is indeed well aware of Petitioner's opinion as to the lack of veracity on the part of prison officials.  The Court already explained to Petitioner, time and again, that the Court's powers are limited to directing an administrative hearing comporting with the requirements of due process, and the Court cannot find the outcome of such administrative hearing erroneous if that outcome was supported by at least "some evidence."  Since Petitioner appears to be under the impression that this standard requires more, either unanimity of evidence, or a proof beyond reasonable doubt, or – at the very least – a ruling supported by preponderance of evidence, the Court closes this discussion with another explanation of the meaning of the term "some evidence."

8. The loss of good conduct time lengthens a prison sentence, and the process by which petitioner was sanctioned is therefore subject to the requirements of the Due Process Clause.  <u>See</u> <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974).  When

a penalty lengthening a sentence is imposed, the Due Process Clause requires that "some evidence" be produced to support the decision of the hearing officer.  See Superintendent v. Hill, 472 U.S. 445, 457 (1985).  The process of ascertaining whether the "some evidence" standard is satisfied "does not require examination of the entire record, independent assessment of the credibility of witnesses, or *weighing the evidence*."  Hill, 472 U.S. at 455-56 (emphasis supplied); see also Young, 926 F.2d at 1402-03 (applying Hill standard to a federal prisoner's due process challenges to prison disciplinary proceedings).  While it might be argued that a vague possibility might not amount to the necessary "some evidence,"[5] there is no question that the "some evidence" standard is less exacting than the preponderance of the

---

[5] In the absence of direct evidence pointing to an inmate's guilt, the "some evidence" standard of Hill may be satisfied by a utilization of applicable doctrines, e.g., of the constructive possession doctrine.  See Hamilton v. O'Leary 976 F.2d 341 (7th Cir. 1992).  In Hamilton, plaintiff brought suit after he and his three cell-mates were found guilty by their prison disciplinary board of possessing six homemade weapons discovered in a large vent in their cell even though there was no direct evidence linking plaintiff or any of his cell-mates to the contraband.  In affirming the judgment of the district court dismissing plaintiff's claim, the Hamilton majority adopted a probability approach based upon the number of prisoners having access to the area where the contraband was found.  The Court determined that the facts presented to the prison hearing board indicated that there was a 25% (one in four), probability that the plaintiff was responsible for the discovered contraband.  See id. at 346.  The Court held that this probability constituted "some evidence" of guilt as required by Hill.  See id.

evidence standard, requiring only that the decision not be arbitrary or *not without **any** support in the record*. See, e.g., Gaither v. Anderson, 236 F.3d 817, 819 (7th Cir. 2000) (citing Hill, 472 U.S. at 457); Chase v. Warden, USP Terre Haute, 2010 U.S. Dist. LEXIS 78308 (S.D. Ind. Aug. 2, 2010) (same); accord Brown v. Fauver, 819 F.2d 395 (3d Cir. 1987); Gibbs v. King, 779 F.2d 1040, 1044 (5th Cir. 1986).  A fortiori, the "some evidence" standard is many levels below the "beyond the reasonable doubt" standard, and it surely does not require unanimity of evidence.

9. Here, while being presented with Petitioner and Coleman's statements apparently contradicting the conclusion that Petitioner committed the disciplinary offense underlying the imposed sanctions, the hearing officer was also presented with an abundance of evidence (both documentary and testimony) suggesting that Petitioner committed the charged offense and, hence, that his sanctions were properly imposed.  Because the totality of this other evidence easily amounts to, indeed, exceeds, "some evidence" required by Hill, the Court cannot find that the decision reached as a result of Petitioner's curative hearing was constitutionally deficient.  Therefore, the Court has no basis for finding either that Respondent failed to comply with the directives of the Court's June Order or that Petitioner's submission

warrants issuance of another writ.

IT IS on this **10th** day of **August 2010**,

**ORDERED** that the Clerk shall reopen this matter in order to enable the Court to address Petitioner and Respondent's submissions docketed as Docket Entries Nos. 20, 21 and 22, by making a new and separate entry in the docket reading "CIVIL CASE REOPENED": and it is further

**ORDERED** that Respondent's curative administrative proceedings are found in compliance with constitutional requirements; and it is further

**ORDERED** that Petitioner's § 2241 application, as supplemented by the record provided in Docket Entries Nos. 20, 21 and 22, are dismissed.  Such dismissal is with prejudice as to Petitioner's challenges stated in Docket Entry Nos. 20-3 and 22, and the Court withdraws its jurisdiction over this matter effective the date of entry of this Memorandum Opinion & Order, hence ripening Petitioner's challenges for appeal in the event Petitioner desires to seek appellate review; and it is further

**ORDERED** that the Clerk shall close the file on this matter by making a new and separate entry on the docket reading "CIVIL CASE CLOSED"; and it is further

**ORDERED** that the Clerk shall serve this Memorandum Opinion & Order upon Respondent by means of electronic delivery; and it is finally

**ORDERED** that the Clerk shall serve this Memorandum Opinion & Order upon Petitioner by certified mail, return receipt requested.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**
